1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JIMMY RENAY THOMAS,                          No.  2:20-cv-1951 TLN AC P

12                   Plaintiff,

13         v.                                       ORDER

14    SACRAMENTO COUNTY SHERIFF'S
      DEPARTMENT TRANSPORTATION
15    UNIT,

16                   Defendant.

17

18          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

19    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

20    2.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

21    636(b)(1)(B).  For the reasons stated below, plaintiff will be directed to amend the complaint.

22          I.      APPLICATION TO PROCEED IN FORMA PAUPERIS

23          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24    1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                                    1

1  forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5  1915(b)(2).

6      II.    <u>SCREENING REQUIREMENT</u>

7      The court is required to screen complaints brought by prisoners seeking relief against a

8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

12      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

18  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

19      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

20  which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in

21  support of the claim or claims that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467

22  U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt</u>

23  <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

24  this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp.</u>

25  <u>Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light

26  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v.</u>

27  <u>McKeithen</u>, 395 U.S. 411, 421 (1969).

28  ////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

III.   PLAINTIFF'S COMPLAINT

Plaintiff, an inmate who is currently housed at California Substance Abuse Treatment Facility – Corcoran, names the Sacramento County Sheriff's Department Transportation Unit ("SCSD Transportation") as the sole defendant in this action.  ECF No. 1 at 1-2.  He contends that on March 17, 2020, at approximately 8:00 a.m., he was transported back to DVI[1] in the rear of a Sacramento County Sheriff's van without a seatbelt.  Plaintiff was injured when the officer,[2] who was driving too fast, made a hard right swerve, barely missing a head-on collision.  Id. at 3.  On impact plaintiff was tossed against the steel cage in the van, hitting the left side of his head.  The impact left a knot there.  Id.  Plaintiff was injured a second time during the transport when the driver failed to slow down prior to crossing railroad tracks.  Because the driver went too fast over the tracks, plaintiff was ejected from his seat again, this time hitting his head on the inside roof of the van.  See id.

Plaintiff's post-transport medical examination found that the transport left him with "left frontal impact . . . [causing] Bell's palsy, nerve palsy, hyposthesia of the cheek, minor neck pain, minor left eye tearing, drooling and chewing weakness."  ECF No. 1 at 3.  He seeks compensation for his injuries.  Id.

IV.   APPLICABLE LAW

A. Eighth Amendment Duty to Protect

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety." DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199-200 (1989) (brackets added).  "[An] affirmative duty to protect arises . . . from the limitation which [the State] has imposed on his freedom to act on his own behalf."  Id. at 200 (brackets added). Accordingly, prison officials must take reasonable measures to guarantee the safety of inmates. See Hudson v. Palmer, 468 U.S. 571, 526-27 (1974).

---

[1]  Deuel Vocational Institution is located in Tracy, California.

[2]  The complaint does not provide the names of the officers who transported plaintiff.  See generally ECF No. 1.  Plaintiff simply identifies the officer who was driving as an "elder white male," who was with a "young Asian partner."  Id. at 2 (brackets added).

A prison official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Then, he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 834, 847.  "A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842.  Mere negligent failure to protect an inmate from harm is not actionable under Section 1983.  See Farmer, 511 U.S. at 835; see also Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1988)).

### B. Municipal Liability Under Section 1983

"A local government may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978) (brackets added).  Local municipalities and their entities may only be held liable under Section 1983 upon a showing that a custom, practice or policy created by the municipality was a moving force behind a violation of a litigant's constitutional rights.  See generally Monell, 436 U.S. at 690-91; Daugherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).  Liability may also arise when a municipality's failure to adequately train its employees causes the violation.  City of Canton v. Harris, 489 U.S. 378 (1989).  A local government unit may not be held responsible for the acts of its employees under a theory of supervisorial liability, however.  See Monell, 436 U.S. at 691.

### V. DISCUSSION

### A. Defendant SCSD Transportation Unit

The complaint fails to state a claim against the only named defendant, the Sacramento County Sheriff's Department Transportation Unit.  Like all other municipal entities, the SCSD Transportation Unit can only be liable under § 1983 for its own municipal acts, such as an unconstitutional policy, that caused a particular violation of a plaintiff's rights.  The SCSD cannot be liable for the things that its employees did, simply because it is the employer.  The complaint before the court does not include any allegations about a specific policy or custom that caused

4

plaintiff's injuries, or any specific deficiency in training that was the moving force behind the incident.  Accordingly, the complaint presents no basis for liability under <u>Monell</u> or <u>City of Canton</u>.  Plaintiff will be given leave to amend.

In order to state a claim against this defendant, plaintiff must identify in the complaint a particular policy or training practice that he alleges caused his constitutional injury.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 681 (9th Cir. 2001).  The "customs or policies" requirement can be satisfied by training or supervision that is so inadequate as to demonstrate deliberate indifference to the rights of inmates.  <u>See</u> <u>Davis v. City of Ellensburg</u>, 869 F.2d 1230, 1235 (9th Cir. 1989).  For liability to arise in this scenario, the inadequate training must be "closely related" to plaintiff's injury.  <u>City of Canton</u>, 489 U.S. at 391.

Plaintiff should only try to state a claim against the SCSD or its Transportation Unit if he has reason to believe that his injuries were the consequence of a department policy, custom, or deliberately indifferent failure to train.  Conclusory allegations are not enough; plaintiff must be able to identify the particular policy, custom, or training practice that was the moving force behind the violation of his rights.

B.    <u>Individual Officers</u>

Although no individuals are identified as defendants in the case caption, either by name or as Does, the complaint later identifies the intended defendants as follows: "Transportation officers for Sacramento County Sheriff's Department elder white male driver, young Asian partner on 3/17/202 approximately around 9:00."  ECF No. 1 at 2.  The allegations that the driver (identified as the white officer) drove too fast, swerved dangerously to avoid a collision, and failed to slow down while crossing railroad tracks, all while his passengers were unsecured with seatbelts, state a cognizable claim for relief under the Eight Amendment for deliberate indifference to plaintiff's safety.  There are no facts alleged, however, which show that the other officer was responsible for plaintiff's injuries.  The complaint does not specify any actions taken by the younger officer, or circumstances showing that he was aware of the risk and failed to take appropriate preventative measures.  Because plaintiff may be able to cure this problem by providing additional facts, leave to amend will be granted.

In any event, plaintiff cannot proceed against unnamed defendants.   Plaintiff is informed that "Doe pleading" is disfavored in federal court.  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  However, Doe pleading is not forbidden and may be appropriate in limited circumstances, for example where the plaintiff has stated a valid claim but requires discovery to identify the proper defendant.  <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999). When a plaintiff later learns the identity of a Doe defendant through discovery or by other means, he may move to file a further amended complaint to add the newly named defendant.  <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Because it is not possible to serve an unknown individual, however, a complaint must state at least one viable claim against an identified defendant in order to be served Absent service of a defendant, a case cannot proceed.  Here, the only potentially viable claim in the complaint is stated against an unidentified defendant—the driver of the van.  The only identified defendant— the Transportation Unit—does not face a viable claim for the reasons previously explained. Plaintiff will be provided an opportunity to amend his complaint.

## VI.   LEAVE TO AMEND

Because it appears that plaintiff may be able to allege facts and/or provide information to remedy the above-mentioned deficiencies in the complaint, he will be given the opportunity to amend.  By amendment plaintiff may, if he wishes: (1) add facts demonstrating the liability of the Sacramento County Sheriff's Department and/or its Transportation Unit on a municipal liability theory; (2) add facts demonstrating the individual liability of the younger transportation officer; and/or (3) identify the two transportation officers by name, or clarify that plaintiff intends to proceed against them as Does.  Plaintiff is cautioned that the case will be able to proceed only if he is able to state a claim against at least one identified and named defendant.  Only if the complaint is able to be served on a defendant will plaintiff have the opportunity to pursue the identify of Doe defendant(s) through discovery.

When amending the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the complaint must identify each defendant by name and with

specificity as well as allege in specific terms how each one is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See Arnold, 637 F.2d at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted) (brackets added).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once Plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted.  You will not be required to pay the entire filing fee immediately.

You have stated a cognizable failure to protect claim against the driver who transported you the morning of March 17, 2020.  However, this individual cannot be served unless he is identified.  You have not stated a claim against the other transportation officer because you did not explain what he did or failed to do that caused your injuries.  You have not stated a claim against the SCSD Transportation Unit, because it is not liable for the actions of its employees but only for its own policies and practices.

You are being given an opportunity to amend the complaint.  If you want to sue the Sheriff's Department itself, including the Transportation Unit, you must include facts identifying

a particular policy or practice of the Department or Unit that led to your injuries.  To sue the individual officers, you must identify them either by name or as Doe defendants and you must explain what each of them did or failed to do that caused your injuries.  The complaint cannot be served unless it states a claim against at least one defendant who has been identified.  In that case, but only in that case, you will have the chance to conduct discovery in order to learn the identities of any Doe defendants.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The court has screened the complaint and finds that it does not contain any claims suitable for service.

4.  Within thirty days of the date of this order, plaintiff shall file a first amended complaint.

Plaintiff is cautioned that failure to timely comply with the directives in this order may result in a recommendation that this action be dismissed.

DATED: May 10, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8